CLARKE v. GILMORE et al.

(Supreme Court, Appellate Division, First Department. April 17, 1914.)

1. CONTRACTS (§ 234*)—CONSTRUCTION.
　　Where defendant agreed to institute proceedings to recover the value of stock owned by plaintiff's testator, and from the recovery, after deducting amounts actually disbursed, except for legal services, to pay over an amount equal to the price paid by the testator, defendant is entitled to deduct the amounts paid for the necessary traveling expenses of his attorneys.
　　[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1099, 1100; Dec. Dig. § 234.*]

2. CONTRACTS (§ 234*)—CONSTRUCTION.
　　Defendant is also entitled to his own traveling expenses, and, where he stated that his hotel expenses were $3.50 per day, it is improper for the referee to arbitrarily reduce the amount to $2, solely on the ground that it was too large.
　　[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1099, 1100; Dec. Dig. § 234.*]

3. TRUSTS (§ 219*)—ACCOUNTING OF TRUSTEES.
　　Defendant agreed to institute proceedings to recover the value of stock owned by plaintiff's testator, and in an action to charge him as trustee ex maleficio plaintiff sought to recover interest on the sums retained. The testator had bequeathed the income of his entire estate to his wife, and she executed a complete release of all claims for income or interest accruing on the sums retained by defendant. Held that, the action being

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

one in equity, the court should give effect to the release, and no recovery of interest could be had.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 305, 314–317; Dec. Dig. § 219.*]

**4. TRUSTS (§ 265*)—ACTIONS—JUDGMENT.**

Though an action to compel an accounting by one who was withholding property belonging to the estate of a decedent was instituted by only one of the three trustees, the others being made defendants because of their refusal to join, it is improper for the judgment to direct the defendant to account solely to the plaintiff, but he should be required to account to all three trustees.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 374; Dec. Dig. § 265.*]

**5. COSTS (§ 164*)—EXTRA ALLOWANCE.**

In an action by the executor and trustee to compel an accounting by a trustee ex maleficio, a reduction of the amount of the recovery on appeal necessitates a corresponding reduction of the extra allowance in favor of the executor.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 620–636; Dec. Dig. § 164.*]

Appeal from Trial Term, New York County.

Action by Stephen G. Clarke, as executor and trustee under the will of John A. Bagley, deceased, against James R. Gilmore, and others. From a final judgment upon an accounting, and an order denying a motion to amend the answer, the defendant named appeals. Judgment modified and affirmed, and order affirmed.

See, also, 149 App. Div. 445, 133 N. Y. Supp. 1047; 157 App. Div. 920, 142 N. Y. Supp. 1113; 160 App. Div. 887, 144 N. Y. Supp. 1109.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Charles Blandy, of New York City, for appellant.
Ernest G. Stevens, of New York City, for respondent.

SCOTT, J. The plaintiff is executor and trustee under the last will and testament of John A. Bagley, deceased. The defendant Katherine C. Bagley is executrix and trustee under the same will, and the defendant Jessica T. Hildick is a cotrustee thereunder. The two last named trustees are made defendants because they declined to be joined as plaintiffs.

The defendant Gilmore is sued as trustee ex maleficio for an accounting as to the disposition of the sum of $16,000, part proceeds of the sale of 8,000 shares of the Reno Oil Company, owned by John A. Bagley at the time of his death, and transferred to the defendant Gilmore, by the executors and trustees of the estate of Bagley, under a written agreement whereby Gilmore undertook to "institute and prosecute, at his own cost and expense, necessary legal proceedings to protect the value of said stock, and to recover the fair value thereof, and from and out of any moneys that he may recover, after deducting the amount of money actually disbursed by him, excepting for legal services, to pay over to the parties of the second part an amount equal to the price paid for said stock by said John A. Bagley, deceased," which

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was stipulated to have been $16,000. This agreement and the rights and liabilities of the several parties to it were fully considered by this court upon appeal from the interlocutory decree, which was affirmed. 149 App. Div. 445, 133 N. Y. Supp. 1047.

[1] In pursuance of that decree the referee named therein has made a careful report, accompanied by an opinion giving very satisfactorily the reasons for the allowance or disallowance of the several items of credit claimed by the defendant Gilmore as proper deductions from the sum of $16,000 chargeable to him under the terms of the aforementioned agreement. In the main we agree with the conclusions at which the referee has arrived. We are of opinion that he construed the contract rather too strictly, in holding that the necessary traveling expenses paid for lawyers retained by Gilmore should be treated as a part of the payments for "legal services" for which he was not entitled to credit, instead of a disbursement for which he was entitled to credit. The only item of this character as to which competent legal evidence was given was that of Mr. Van Doren, for whose expenses it was shown that Gilmore paid $517.47. We are of opinion that he should have been credited with this sum.

[2] The referee, also, very properly allowed to Gilmore the expenses of 87 trips of himself and others employed by him to Pennsylvania in furtherance of the efforts to dispose of the stock. As a part of these expenses Gilmore included $3.50 per diem for hotel expenses, which he said was the amount paid. The referee, without any evidence to support his ruling, has held that this sum was too large, and has reduced it to $2 per diem. We see no justification in the evidence for this arbitrary reduction, and think that this item should be allowed at the price per diem charged by Gilmore. With these exceptions we are content with the findings of the referee.

[3] A question presents itself as to the payment of interest by the accountant. By the interlocutory decree Gilmore was required to account for interest upon the amounts retained by him, such interest to be compounded with annual rests, and more than half the sum for which he has been held liable by the judgment appealed from consists of such interest.

Under the will of John A. Bagley, his wife, the defendant Katherine C. Bagley, was given the whole income of the estate for her life, and undoubtedly the interest chargeable against the accountant constitutes a part of that income. Mrs. Bagley, who obviously reposes the utmost confidence in the defendant Gilmore, has executed to him a full and explicit release of all claims for "all income, profits, or interest accrued or accruing upon the sum of $16,000, being the sum or item referred to in the interlocutory decree" in this action, and further acknowledging "full payment and satisfaction to me heretofore made by said Gilmore of all said income, profits, and interest already accrued and hereafter to the date of entry of final judgment in said action to accrue, arising out of the sum of $16,000 or any part thereof." This release was executed after the entry of the interlocutory decree, and of course was not before the court on the former appeal. It does not appear that there are any claims upon this income superior to those of

Mrs. Bagley, and from the considerable length of time which has elapsed since the death of John A. Bagley it seems to be improbable that any such can exist. Under the circumstances we are of opinion that Gilmore should not be required to pay the interest included in the judgment. It is true that his indebtedness is in form one to the Bagley estate, and if this was an action at law the estate should be entitled to collect the interest, as well as the principal. The action, however, is in equity, and it is the duty of the court to mold its decree upon equitable principles in accordance with the facts as they are shown to exist at the time of trial. We can see no useful purpose to be served by requiring Gilmore to pay the large sum of money to the estate, merely that it should be paid over to Mrs. Bagley as a part of the income due her under the will, and then repaid by her to Gilmore.

[4] In one other respect the judgment requires modification. The action is brought to require Gilmore to account to the Bagley estate, and although only one trustee of that estate figures as plaintiff, there are two other trustees who are parties to the action, and who have equal rights with plaintiff in the management and control of the trust property. The judgment as it stands requires Gilmore to account to plaintiff as executor and trustee and to pay over to him the amount found due. It should provide that Gilmore account to plaintiff and Katherine C. Bagley and Jessica T. Hildick, as trustees under the will of John A. Bagley, deceased, and pay over to said trustees the amount found due.

[5] The reduction in the amount required to be paid by the appellant, Gilmore, in consequence of the modification of the judgment above indicated, will necessitate a corresponding reduction in the extra allowance awarded to plaintiff.

The appellant also brings up for review an intermediate order denying a motion made by him for the amendment of his answer, under which he sought to set up by way of counterclaim and offset certain sums expended by him, upon request of the executors, as he alleges, in payment of taxes upon the real estate, and also in payment of debts due by the estate. Without discussing the merits of his claims, it is sufficient to say that they were clearly barred by the statute of limitations at the time he sought to assert them.

The judgment, modified in accordance with this opinion, will be affirmed, without costs to either party in this court, and the order denying defendant's motion to amend his answer will be affirmed, with $10 costs to plaintiff respondent. All concur.